**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4683**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

MARIANO NUNEZ-ORTIZ, a/k/a Mario Ortiz, a/k/a Ramon Ortiz-Palomarez, a/k/a Mario Ortiz-Flores,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.   N.  Carlton Tilley, Jr., Senior District Judge.  (1:08-cr-00178-NCT-1)

Submitted:  January 13, 2010        Decided:  February 4, 2010

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mariano Nunez-Ortiz (Nunez), a Mexican national, appeals his eighteen month sentence for reentry into the United States by a deported alien, in violation of 8 U.S.C. § 1326(a) (2006). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in sentencing Nunez outside of the advisory guideline range, but concluding that there are no meritorious grounds for appeal.[*] Nunez has not filed a pro se supplemental brief and the Government elected not to file a brief. We affirm.

"Regardless of whether the sentence imposed is inside or outside the [g]uidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). Appellate courts are charged with reviewing sentences for reasonableness, considering both the procedural and substantive reasonableness of a sentence. Id.

---

[*] While Nunez has been released from prison, this appeal is not moot as he has a legally cognizable interest in the outcome. Though he has been released from prison and likely deported, he has not completed his term of supervised release. United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).

In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's advisory guidelines range.  Id. at 51.  We then determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, treated the guidelines as mandatory, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence.  Id.; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).  "The district court 'must make an individualized assessment[,]'. . . apply[ing] the relevant § 3553(a) factors to the specific circumstances of the case before it."  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 50 (2007)).  Additionally, a district judge must detail in open court the reasons behind its chosen sentence, "'set[ting] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'"  Id. (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the

3

[g]uidelines range.'" <u>Pauley</u>, 511 F.3d at 473 (quoting <u>Gall</u>, 552 U.S. at 51).

Here, it is clear that the district court's sentence was procedurally reasonable, and Nunez's attorney does not contend otherwise. The district court properly calculated Nunez's guidelines range at six to twelve months' imprisonment and provided an individualized assessment, explicitly stating the reasons for varying six months upward beyond the high end of the guideline range. Accordingly, we find that Nunez's sentence was procedurally reasonable.

Similarly, Nunez's sentence was substantively reasonable. Though the sentence was six months outside of the upper end of the guideline range, the district judge articulated that such an upward departure was justified due to Nunez's substantial criminal history, which he believed was largely under represented in the criminal history report. Specifically, the judge identified the fact that this was the fourth time Nunez had illegally entered the United States, and that he had been deported on multiple prior occasions. Moreover, the judge noted that Nunez's criminal offenses appeared to escalate each time he returned and prior sentences had not deterred his illegal behavior. Therefore, we find that the district court did not abuse its discretion in sentencing Nunez to eighteen months' imprisonment.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Therefore, we affirm the district court's judgment. Though we generally require that counsel inform his client, in writing, of the client's right to petition the Supreme Court of the United States for further review, counsel has informed us that, due to Nunez's deportation, he is unable to contact or otherwise serve his client. Accordingly, we refrain from imposing this requirement. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>